IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHNNY JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 2:07-cv-01886-IPJ-JEO |
| ) | |
| FEDERAL BUREAU OF PRISONS, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OF OPINION**

The magistrate judge filed a report and recommendation on January 16, 2008, recommending that this action, filed pursuant to the Federal Tort Claims Act ("FTCA") and *Bivens*, be dismissed for failing to state a claim upon which relief can be granted under 28 U.S.C. § 1915A(b). Specifically, the magistrate judge recommended that the plaintiff's FTCA and *Bivens* claims, which arose on May 9, 2004, be dismissed based on the applicable statute of limitations.[1]  The plaintiff filed objections to the report and recommendation on February 1, 2008.  (Doc. 12).

---

[1] The FTCA explicitly provides that a tort claim against the United States will be "forever barred" unless (1) presented to the appropriate federal agency within two years after the claim accrues or (2) action is commenced within six months after the final denial of the claim by the agency to which it was presented.  28 U.S.C. § 2401(b).  The plaintiff's administrative claim under the FTCA, concerning his back injury, was denied on May 2, 2005, by the Southeast Regional Office of the U.S. Department of Justice, Federal Bureau of Prisons.  (Compl., Attachment B at 7-9). The following appeared at the end of the May 2005 letter:

> You are advised that if you are dissatisfied with our determination in this matter, you are afforded six (6) months from the date of the mailing of this communication within which to bring suit in the appropriate United States District Court.

(Compl., Attachment B at 7-9).  The present case was not filed until October 11, 2007.  (Doc. 1).

The United States Supreme Court has held that the proper statute of limitations for a § 1983 action is the forum state's general or residual statute of limitations for personal injury.  *See Owens v. Okure*, 488 U.S. 235, 236, 249-50 (1989).  The residual statute of limitations for personal injury in Alabama is two (2) years. Ala. Code § 6-2-38(1)(1975). "The method for determining the date when a cause of action accrued for purposes of the statute of limitations in § 1983 cases is also used for *Bivens* claims, and the plaintiff's cause of action accrues when he knows or has reason to know of his injury and who has inflicted it." *Erick v. Border Patrol of Fla. State*, 154 Fed. Appx. 193, 194 (11th Cir. 2005); *see Kelly v. Serna*, 87 F.3d 1235, 1238-39 (11th Cir. 1996).  Any cause of action against Defendants Jordan and Atkinson concerning the plaintiff's back injury accrued on May 9, 2004; therefore, the plaintiff had until May 9, 2006, to file a *Bivens* action against these defendants. The plaintiff did not file this action until October 11, 2007.  (Doc. 1).

In his objections, the plaintiff argues that he is entitled to equitable tolling of his claims. The plaintiff asserts that he timely filed his FTCA and *Bivens* claims in the lawsuit styled *Johnny Jackson v. The United States*, 2:05-cv-02365-KOB-TMP; however, the court dismissed the action "without informing this Plaintiff that correction of defendant(s) could have allowed his action to proceed. [H]ad this been done this action would have been timely as originally filed in 2:05-cv-2365." (Doc. 12 at 1-2). The court takes judicial notice of the plaintiff's previous lawsuit and its record. Upon review of the same, it does not appear that his claims were dismissed because of the defendants named. Rather, it appears the plaintiff's FTCA claims were dismissed on discretionary-immunity grounds and his *Bivens* claims against the individual medical defendants were dismissed because there was no showing that those defendants were deliberately indifferent to the plaintiff's medical needs or that the plaintiff suffered any detrimental effect from any delay in receiving medical treatment.

Next, the plaintiff argues that he was transferred twice after filing his 2005 lawsuit, "thus hindering his ability to investigate properly." (Doc. 12 at 2). From the face of the plaintiff's complaint, which is accompanied by copies of his administrative claims, at the time his injury accrued in 2004, he was well aware of the identities of the individuals he now alleges violated his constitutional rights. (Compl., Ex. 3). The court is unpersuaded that the plaintiff's transfers justify allowing his claims to proceed over three years after his alleged injury.

Equitable tolling is a doctrine under which a plaintiff may sue after the statutory time period has expired if he has been prevented from doing so based on inequitable circumstances. *See Ellis v. GMAC*, 160 F.3d 703, 706 (11th Cir. 1998). Here, the plaintiff was never prevented or hindered from filing a lawsuit. Indeed, he timely filed an action pursuant to the FTCA and *Bivens* on November 7, 2005, concerning the same facts made the basis of the present suit. That action was dismissed on the merits after full review. The plaintiff, obviously not pleased with the outcome of

his previous case, merely seeks a second bite at the apple in the present action.  He has not provided any basis for tolling his FTCA and *Bivens* claims, and they are due to be **DISMISSED** as untimely.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and is hereby **ADOPTED** and the recommendation is **ACCEPTED**.  Accordingly, the complaint is due to be dismissed for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A(b).  A Final Judgment will be entered.

**DATED**, this 11th day of February 2008.

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE